UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YVETTE RIVERA,

                 *Plaintiff,*

     – against –

THE UNITED STATES OF AMERICA, THE
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, THE UNITED
STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT, HOMELAND SECURITY
INVESTIGATIONS, and JUSTIN
KITTELSTAD,

                 *Defendants.*

---

**MEMORANDUM & ORDER**
20-cv-03764 (NCM) (ARL)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Yvette Rivera brings this negligence action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 1402, 2671 *et. seq.*, against defendants The United States of America, The United States Department of Homeland Security ("DHS"), The United States Immigration and Customs Enforcement, Homeland Security Investigations, and Justin Kittelstad alleging that Kittelstad, while in the scope of his employment, negligently operated a motor vehicle and struck her. *See generally* Compl., ECF No. 1. Plaintiff moves for partial summary judgment on the issue of liability pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that Kittelstad was negligent as a matter of law and that this negligence was the sole proximate cause of her injuries. Mot. 4, 12.[1] For the reasons stated below, plaintiff's motion is **DENIED**.

---

[1]      The Court hereinafter refers to Plaintiff's Memorandum of Law in Support of Their Motion for Partial Summary Judgment, ECF No. 71, as the "Motion"; Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment,

## BACKGROUND

The following facts are undisputed unless otherwise noted.[2] Plaintiff and Kittelstad were involved in an accident on November 13, 2018, at the crosswalk of West 34th Street and 11th Avenue in Manhattan, New York ("Subject Collision"). Pl. 56.1 Statement of Material Facts ("Pl. 56.1") ¶¶ 3–4, ECF No. 71-1; *see also* Defs. 56.1 Counterstatement of Material Facts ("Defs. 56.1") ¶¶ 3–4, ECF No. 72-1. Plaintiff was crossing the street when she was struck by a DHS vehicle, which was being driven by Kittelstad in the course of his employment with DHS. Pl. 56.1 ¶¶ 7, 13; *see also* Defs. 56.1 ¶¶ 7, 13.

Just prior to the Subject Collision, plaintiff "was on the northwest corner of West 34th Street and 11th Avenue," attempting to cross 11th Avenue and continue eastbound. Pl. 56.1 ¶ 11; *see also* Defs. 56.1 ¶ 11. Due to construction on 11th Avenue, there was only one lane for northbound traffic and three lanes for southbound traffic. Pl. 56.1 ¶ 10; Defs. 56.1 ¶ 10. Kittelstad's vehicle was on 34th Street facing eastbound in the left turn lane, and Kittelstad was attempting to make a left turn onto the northbound lane of 11th Avenue. Pl. 56.1 ¶¶ 8–9; Defs. 56.1 ¶¶ 8–9. At all relevant times, Kittelstad was acting within the scope of his employment with DHS. Pl. 56.1 ¶ 7; Defs. 56.1 ¶ 7.

A traffic enforcement agent was at the intersection where the Subject Collision took place. Pl. 56.1 ¶ 15; Defs. 56.1 ¶ 15. The traffic enforcement agent directed Kittelstad to make a left turn after the light turned green. Pl. 56.1 ¶¶ 15–17; Defs. 56.1 ¶¶ 15–17. While

---

ECF No. 72, as the "Opposition"; and Plaintiff's Reply in Support of Their Motion for Partial Summary Judgment, ECF No. 73, as the "Reply." Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]    Facts not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

plaintiff was walking in the crosswalk, plaintiff was struck on her right side by the front of defendants' vehicle. Pl. 56.1 ¶¶ 13–14, 21; Defs. 56.1 ¶¶ 13–14, 21. Plaintiff asserts that she "was always in the crosswalk" (without defining the term "always"), Pl. 56.1 ¶ 14, while defendants deny that plaintiff "was always in the crosswalk" and assert that "[p]laintiff only entered the crosswalk after the light turned red for pedestrians," Defs. 56.1 ¶ 14. Kittelstad did not honk his horn. Pl. 56.1 ¶¶ 23–24; Defs. 56.1 ¶¶ 23–24. Plaintiff fell to the ground after being struck. Pl. 56.1 ¶ 25; Defs. 56.1 ¶ 25.

NYPD Officer Steysha Ramos created a Police Accident Report about the Subject Collision. Kittelstad Dep. at 93, Ex. E ("Police Accident Report"), ECF No. 71-7; *see also* Certified NYPD Motor Vehicle Collision Incident Report ("NYPD Collision Report"), ECF No. 71-8; Pl. 56.1 ¶ 26; Defs. 56.1 ¶ 26.[3] Kittelstad was issued a police summons, which was dismissed. Kittelstad Dep. at 100, Ex. H ("Summons Decision").

## LEGAL STANDARD

The standard for summary judgment is well settled. Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on a claim or defense. Fed. R. Civ. P. 56(a). The same standard applies to motions for partial summary judgment where the movant identifies a part of a claim or defense for which summary judgement is sought. Fed. R. Civ. P. 56(a).

---

[3] When ruling on a motion for summary judgment, a district court may rely on any material that would be presented in admissible form at trial. *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012). Certified police reports are considered admissible for a motion for summary judgment. *See Breeden v. City of New York*, No. 09-cv-04995, 2014 WL 173249, at *5 (E.D.N.Y. Jan. 13, 2014).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets their initial burden, the non-moving party must provide evidence of specific facts establishing a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Facts are in genuine dispute when "the jury could reasonably find for" the non-moving party based on the evidence in the record. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). The court is to believe the evidence of the non-movant and draw all justifiable inferences in their favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

The court need only consider admissible evidence, and it need not leave every evidentiary stone unturned. *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 340 (E.D.N.Y. 2021). "The rules governing the admissibility of evidence on a summary judgment motion are the same as those governing admissibility at trial, and the district court has broad discretion in choosing whether to admit evidence." *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 569 (E.D.N.Y. 2013), *aff'd in part, dismissed in part,* 594 F. App'x 723 (2d Cir. 2014).

"Summary judgment is difficult to obtain in negligence actions because whether conduct is 'negligent' is a factual determination in all but the most extreme situations." *Ortiz v. Rosner*, 817 F. Supp. 348, 350-51 (S.D.N.Y. 1993) (citing *INA Aviation Corp. v. United States*, 468 F. Supp. 695, 699 (E.D.N.Y. 1979) ("As a general proposition, negligence questions are properly resolved at trial because, upon a motion for summary

judgment, a court may not try issues of fact; it may only determine whether there are factual issues to be tried."), *aff'd*, 610 F.2d 806 (2d Cir. 1979)).

## DISCUSSION

The FTCA waives the sovereign immunity of the United States in limited circumstances. In relevant part, the FTCA authorizes suits against the federal government to recover money damages for property and personal injuries "caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable . . . in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the Subject Collision took place in New York State, the substantive law of New York applies to this negligence suit. *Agyin v. Razmzan*, 986 F.3d 168, 184 (2d Cir. 2021) ("The 'law of the place' here is New York law because the relevant conduct took place in New York.").

Under New York law, "[a] plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries." *Tsyganash v. Auto Mall Fleet Mgmt., Inc.*, 83 N.Y.S.3d 74, 74 (N.Y. App. Div. 2018); *see also Guerrero v. Loiacono*, 688 F. Supp. 3d 50, 59–60 (E.D.N.Y. 2023) (denying plaintiff's motion for summary judgment on the ground that "sharp conflicts" of factual issues existed as to liability).

"When a defendant violates a statute that defines the degree of care to be used under certain circumstances, the violation constitutes negligence *per se* if (1) [the defendant] causes the injury, (2) the plaintiff is a member of the class intended to be benefited by the statute, and (3) the statute is intended to protect against the very hazard

that caused the plaintiff's injury." *Vaselli v. United* States, No. 12-cv-06221, 2014 WL 4961421, at *5 (E.D.N.Y. Oct. 3, 2014) (quoting *Mauro v. Costco Wholesale Corp.*, No. 09-cv-01391, 2013 WL 3816731, *4 (E.D.N.Y. Jul. 22, 2013)). "A violation of [New York Vehicle and Traffic Law ("VTL")] constitutes negligence [*per se*]." *Dooley v. United States*, 83 F.4th 156, 163 (2d Cir. 2023) (citing *Desio v. Cerebral Palsy Transp., Inc.*, 994 N.Y.S.2d 681, 682 (N.Y. App. Div. 2014)); *see, e.g., Du v. Party Perfect Rentals LLC*, 724 F. Supp. 3d 68, 73–74 (E.D.N.Y. 2024) (denying plaintiff's motion for partial summary judgment alleging negligence *per se* for failing to establish that the defendant driver violated provisions of the VTL).

Under VTL § 1146(a), "every driver of a vehicle shall exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway and shall give warning by sounding the horn when necessary." VTL § 1146(b)(2) provides that,

> [i]f such driver of a motor vehicle causes physical injury while failing to exercise due care in violation of subdivision (a) of this section, then there shall be a rebuttable presumption that, as a result of such failure to exercise due care, such person operated the motor vehicle in a manner that caused such physical injury.

VTL § 1111(a)(1) states "[t]raffic, except pedestrians, facing a steady circular green signal may proceed straight through or turn . . . left[.] Such traffic, including when turning right or left, shall yield the right of way to other traffic lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited."

Here, plaintiff argues that she is entitled to partial summary judgment on the question of defendants' liability because Kittelstad breached his duty of care as a reasonably prudent driver and defendants' negligence was the sole proximate cause of the Subject Collision. Mot. 12. Specifically, plaintiff argues Kittelstad violated VTL § 1146, by

"failing to keep a proper lookout, and take any evasive maneuvers to avoid the collision," Mot. 10–12, and violated VTL § 1111(a)(1) by failing to yield to pedestrians who are lawfully within a crosswalk when turning at a green light, Reply 3. Plaintiff argues defendants' violations of VTL §§ 1146 and 1111(a)(1) constitute negligence *per se*.

In support of this, plaintiff submits a Rule 56.1 statement asserting that the undisputed evidence shows that Kittelstad did not see plaintiff in the crosswalk prior to the Subject Collision, Pl. 56.1 ¶ 20, that plaintiff was in the crosswalk when she was struck, Pl. 56.1 ¶ 14, and that Kittlestad did not honk the horn prior to the Subject Collision, Pl. 56.1 ¶¶ 23–24. Plaintiff's 56.1 statement also contends that Kittelstad did not press the breaks prior to the Subject Collision. Pl. 56.1 ¶ 23. These facts, plaintiff claims, run counter to defendants' duties under VTL §§ 1111 and 1146 as well as the common law duty to "see that which he should have seen through the proper use of his sense." Mot. 12–13 (quoting *Lieb v. Jacobson*, 163 N.Y.S.3d 586, 586 (N.Y. App. Div. 2022)); Reply 3.

However, the parties dispute material facts surrounding the Subject Collision. This includes whether the pedestrian walk signal was green such that plaintiff had the right of way while crossing, as well as whether Kittelstad saw plaintiff prior to the Subject Collision and took steps to avoid striking plaintiff, such as applying his breaks. Thus, plaintiff fails to eliminate all triable issues of fact as to whether defendants violated the VTL.

First, while plaintiff contends that the pedestrian walk sign was in her favor and that she remained in the crosswalk while crossing the street, Pl. 56.1 ¶ 14, defendants contend that "[a]t the time that Kittelstad began and completed his left turn with a green turning [arrow] in his favor, plaintiff entered the crosswalk while there was a red light for pedestrians." Defs. 56.1 ¶ 11(v). While VTL § 1111(a)(1) creates a duty on behalf of "[a]

7

driver who faces a green light . . . to yield the right-of-way to pedestrians who are lawfully within a crosswalk," *Lieb*, 163 N.Y.S.3d at 586, plaintiff has not established that she had the right of away and was thus lawfully within the crosswalk when she was struck, *see id.* (discussing liability where it was undisputed that plaintiff was hit in the crosswalk with the pedestrian light in her favor). Given the nature of the evidence presented by both parties—namely party testimony—whether plaintiff was properly within the crosswalk when struck will turn at least in part on a determination of credibility, which is not appropriate at this stage. At summary judgment, "[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court." *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997); *see also Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021) ("At the summary judgment stage, the district court is not permitted to make credibility determinations or weigh the evidence.").

Plaintiff also relies on the NYPD Collision Report listing "Failure to Yield Right-of-Way" under "Contributing Factors" to support her contention that she, not Kittelstad, had the right of way at the time of the Subject Collision. NYPD Collision Report at 3. However, despite this report, a reasonable jury could find defendants did not violate the VTL. The Report was based on the parties' recounting of events to the police officer who arrived minutes after the Subject Collision. Defs. 56.1 ¶ 28.i.; *cf.* Rivera Dep. 51:17–52:6, ECF No. 71-6. Moreover, the summons received by Kittlestad does not indicate that plaintiff had the right of away. Summons Decision ("Here, the summons fails to allege the essential element that the pedestrian had the right of way when the injury occurred."). Further, the parties agree that a traffic enforcement officer directed Kittelstad to make a left turn at the intersection after the light turned green. Pl. 56.1 ¶¶ 15–17; Defs. 56.1 ¶¶ 15–17. It is

8

unclear from the record how the green light facing Kittelstad and the pedestrian walk sign were synchronized, however, plaintiff has not established that there is no triable issue as to this critical sequence of events. Since it appears from the evidence thus far that Kittelstad lawfully made a lefthand turn, the question is whether the pedestrian walk signal was also in plaintiff's favor at the time she was struck. It is this question of fact that will have to be decided in order to determine whether Kittelstad violated the VTL. "Where the parties' conflicting accounts . . . coupled with the police report . . . suggest[] that the accident could have occurred in many ways, one version of which suggests that [d]efendants' were nonnegligent, [p]laintiff has failed to make out a prima facie case." *Guerrero*, 688 F. Supp. 3d at 61 (quoting *Mangual v. Pleas*, 02-cv-08311, 2004 WL 736817, at *3 (S.D.N.Y. Apr. 6, 2004)).

Moreover, the parties dispute whether plaintiff saw defendants' vehicle prior to the Subject Collision, *compare* Pl. 56.1 ¶¶ 11, 22, *with* Defs. 56.1 ¶¶ 11, 22, and whether Kittlestad saw plaintiff before his vehicle struck plaintiff, *compare* Pl. 56.1 ¶ 20, *with* Def. 56.1 ¶ 20. Further, the parties dispute whether Kittelstad pressed his breaks to avoid the Subject Collision prior to striking plaintiff. *Compare* Pl. 56.1 ¶ 23, *with* Defs. 56.1 ¶¶ 19, 23–24. Contrary to plaintiff's argument, Kittelstad testified that when he saw plaintiff in the crosswalk he applied "heavy" pressure to his breaks. Kittelstad Dep. 35:4-11; *see also* Def. 56.1 ¶ 23. A reasonable juror could credit Kittlestad's testimony that he took evasive measures to prevent the collision as soon as Kittelstad saw plaintiff and thus acted with due care. *See* VTL § 1146.

Plaintiff argues that even if there is comparative fault, plaintiff is still entitled to summary judgment. Reply 3. To be clear, New York courts have generally held that a plaintiff does not bear the burden of proving the absence of comparative fault to be

9

entitled to summary judgment on the issue of liability. *Rodriguez v. City of New York*, 101 N.E.3d 366, 374 (2019); *see also* CPLR § 1411 (establishing New York's rule of comparative negligence). Here, however, even setting aside the question of plaintiff's potential negligence, triable issues of fact remain as to defendants' own negligence and whether Kittelstad exercised due care.

In sum, drawing all reasonable inferences in favor of the non-moving party, a reasonable jury could find that Kittelstad did not violate the VTL and was not negligent. Accordingly, because there remains at least one "genuine issue of material fact," *Anderson*, 477 U.S. at 250, summary judgment is not appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is denied. In accordance with the Court's Individual Practice Rule IV.A, the parties shall file a proposed joint pretrial order by February 18, 2026.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:       January 15, 2026
             Brooklyn, New York